PLANTERS COTTON & GINNING CO. *v.* HARTFORD FIRE
INSURANCE CO.

Opinion delivered January 14, 1918.

NEGLIGENCE—DAMAGE BY FIRE—BALE OF COTTON—FINDING OF CHANCELLOR.—In an action for damages against a ginning company for loss of a bale of cotton by fire, *held*, the evidence was sufficient to warrant a finding by the chancellor that the fire was communicated to the bale during the process of ginning, and that the fire so communicated resulted in the damage to the bale complained of.

Appeal from Crawford Chancery Court; *W. A. Falconer*, Chancellor; affirmed.

*James B. McDonough*, for appellant.

1. The evidence of T. J. Clark was inadmissible. 95 Ark. 155; 85 *Id.* 64; 2 Elliott on Ev., § 822.

2. The evidence is insufficient and based solely upon conjecture and inference. The destruction was accidental and created no liability against the ginner. 70 N. C. 596; 64 So. 269; 75 S. E. 943; 50 So. 595; 73 Atl. 565; 140 Ill. App. 633; 111 N. Y. S. 469; 111 S. W. 1086; 99 S. W. 1103; 102 Ark. 581; 105 *Id.* 161; 109 *Id.* 206; 166 S. W. 115; 57 Ark. 402, and many others.

3. The great weight of the testimony is with the defendant. 92 Ark. 359.

*Starbird & Starbird*, for appellee.

1. Clark's testimony was competent.

2. The evidence sustains the judgment and appellant was liable for the loss. 55 Ark. 163; 79 Ark. 616.

McCULLOCH, C. J.  The facts of this case are unusual and the principal contention on this appeal is that the finding of the chancellor was based upon mere conjecture as to the origin of the fire which consumed the bales of cotton in controversy, and that the evidence was not sufficient to sustain the decree.

Appellant, the defendant below, was engaged in operating a cotton gin at Alma, Crawford County, Arkansas, and in the course of its business ginned a bale of cotton for a man named Walter Clark, who sold the bale to the Alma Cash Store, a corporation doing business at Alma.  The purchaser of the cotton stored the bale on its platform with other bales of cotton, and the next day three bales piled together, including the one purchased from Clark, were found to be on fire.  The cotton on the platform was insured by a policy issued by the Hartford Fire Insurance Company, which paid the owner the damage to the cotton and joined the Alma Cash Store in this action against appellant to recover the value of the cotton, alleging that the fire was caused by negligence of appellant's servants in permitting the cotton to get on fire while being baled in the press of appellant's gin.

One of the witnesses introduced by appellees testified as an expert in the handling of cotton, and he identified the origin of the fire in the bale purchased by the Alma Cash Store from Clark, which was the bale ginned and baled at appellant's gin.  That witness gave as his reason for reaching the conclusion that the fire originated in the Walter Clark bale the fact that when the fire was discovered the heat was greater under that bale than under the other bales, and the witness also explained the length of time a fire would smoulder inside of a bale of cotton.  Other testimony tended to establish the fact that when the Walter Clark bale of cotton was being ginned and baled there was fire amongst the cotton, but its precise location was not discovered, except one witness testified that he smelled fire about this particular bale of cotton.

The evidence warrants the conclusion that in some way a small particle of fire got into the Walter Clark bale of cotton while it was being packed and that the fire smouldered for a time and finally broke out and consumed that and two other bales of cotton owned by the Alma Cash Store. It is not a mere matter of conjecture, but a legitimate inference to be drawn from the circumstances proved in the trial of the cause. The evidence was also sufficient to warrant the finding that the servants of appellant were negligent in failing to discover and extinguish the fire before the bale of cotton left the gin.

The only other assignment of error relates to the ruling of the court in permitting one of the witnesses to state his opinion or conclusion that the Walter Clark bale caught fire while in process of being ginned. The answer of the witness was not given as a mere matter of opinion, but he stated the facts in connection with his statement that he smelled the fire at the time the Walter Clark bale was being ginned. But if it be conceded that this particular statement amounted to a conclusion of the witness, we must indulge the presumption that the chancellor disregarded the incompetent portion of the testimony of the witness and gave effect only to the facts and circumstances testified to by the witness.

Decree affirmed.